IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | No. 1:26-bk-03270 |
| CK/KC, INC. d/b/a PALMYRA | : | |
| PHARMACY & GIFT SHOP | : | Chapter 11 |
| Debtor | : | Subchapter V |
| | : | |

**DEBTOR'S MOTION FOR APPROVAL FOR DEBTOR TO UTILIZE CASH COLLATERAL**

The Motion of CK/KC, INC. d/b/a Palmyra Pharmacy & Gift Shop ("Debtor"), by and through its attorneys, Cunningham, Chernicoff & Warshawsky, P.C., for Approval for Debtor to Utilize Cash Collateral is as follows:

1. On November 11, 2026, the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (the "Code"). As a result thereof, the Debtor has been appointed as a Debtor-in-Possession and operates its business and manages its assets.

2. The Debtor is a Pennsylvania corporation in the pharmaceutical and retail sales business (the "Business").

3. The Debtor may be indebted to a certain potential secured creditor as follows:

   a. Unique Funding Solutions LLC ("UFS" or "Lender") is believed to have a credit facility which may be secured by a security interest in the Debtor's accounts receivables. As of the Petition date, it is believed that the amount owed to UFS for the credit facility (the "Unique Funding Loan") is approximately $450,000.00.

4. The Debtor's cash, accounts receivable and inventory are cash collateral (the "Cash Collateral") as defined in Section 363 of the Bankruptcy Code. Some or all of the Cash Collateral secures the liens of the Lender.

5. The Debtor is believed to have assets as follows:

a. Accounts Receivable of approximately $170,000.00

b. Equipment and vehicles having a value of approximately: $34,000.00

c. Inventory of approximately $186,000 pharmaceuticals, $314,000 gift/retail

d. Cash on hand of approximately $100,000

6. As a result of all of the assets upon which the Lender has a lien, the Debtor believes that the Lender may have adequate protection.

## THE NEED FOR CASH

7. The Debtor currently has approximately twenty-two (22) employees. The Debtor is operating and needs to retain its employees to continue operations and to provide services to the Debtor's customers.

8. The Debtor has additional cash needs for the payment of utilities, insurance, payroll and other operating expenses. The Debtor believes that it can continue to operate and reorganize.

9. Attached hereto as Exhibit "A" and made a part hereof is the Debtor's sixty (60) day cash flow budget (the "Budget"). The Budget does not set forth any secured creditor payments.

10. Including payroll, the Debtor has various cash needs. The Debtor intends to operate and reorganize.

11. In addition to the items set forth on the Budget, the Debtor will incur additional expenses as a result of the Chapter 11 filing, including additional payments for professionals, fees owed to the Subchapter V Trustee and possible fees owed to the Office of the U.S. Trustee.

12. The Debtor intends to continue to operate thereby generating additional accounts receivable and cash. The Debtor believes it can operate on a profitable basis.

13. Pre-Petition, on or about September 11, 2026, UFS attempted to put a hold on certain funds otherwise owed to the Debtor by an entity known as AlignRX.

14. Attached hereto and made a part herein as Exhibit B is a letter from the attorney for UFS requesting that all held funds otherwise payable to the Debtor by AlignRX be held.

15. AlignRX provides collection services for the Debtor from various third parties, such as insurance companies, and governmental agencies, including Medicare and Medicaid.

16. To the Debtor's knowledge, no funds have been yet paid to the Lender, nor has the Lender requested such funds be paid to it.

17. While the Lender may have a lien upon Debtor's Accounts Receivable, the funds as held by AlignRX have already been collected and do not constitute Accounts Receivable.

18. In order for the Debtor to properly operate and provide services to the public and to its customers, it is essential that these funds be released to the Debtor.

19. Unless the Debtor is allowed to pay its expenses and continue its operations, great harm will occur to the Debtor and to its estate as well as to the Debtor's creditors.

20. In order to provide adequate protection to Lender the Debtor proposes to provide the Lender with replacement liens in post-Petition Cash Collateral, and all other assets in which each may have a pre-Petition security interest and lien, only to the extent that the Lender is secured in pre-Petition Cash Collateral. The replacement liens shall only be effective to the extent there is a diminution in the amount of Cash Collateral post-Petition. To the extent that such replacement liens are insufficient and Lender may have a shortfall resulting any diminution resulting from the Debtor's use of Cash Collateral and all other categories of assets upon which Lender has pre-Petition liens, and to the extent Lender is secured in Cash Collateral, Lender shall be granted an administrative claim superior in priority to all other administrative claims except that the allowed claims of professionals in this case and fees owed to the Subchapter V Trustee and, if appropriate, the Office of the U.S. Trustee. Such replacement lien shall be effective without further recordation and shall have the same priority as exists pre-Petition.

21. Notwithstanding any parties having attempted to collect funds from the Debtor by, among other items, placing a hold or attempting to garnish any bank accounts of the Debtor, the Debtor should be permitted to utilize its various bank accounts. The Debtor is requesting that the Court order the release of any such funds which may have been seized, frozen or held.

22. On an interim basis, until a Debtor-in-Possession account is opened, the Debtor is also requesting that it be permitted to continue to utilize its existing bank accounts for approximately 30 days.

23. Funds being held by AlignRX are approximately $66,000.00. The continuing hold on these funds will greatly harm the Debtor and its efforts to reorganize.

24. Accordingly, the Debtor has requested that the Court order the release of any funds held by AlignRX.

25. Based upon the collateral position of the Lender and the replacement liens, the Debtor believes that the Lender is adequately protected.

**WHEREFORE**, CK/KC, INC. d/b/a Palmyra Pharmacy & Gift Shop, the above-named Debtor, respectfully requests that this Honorable Court enter an Order:

a. Allowing the Debtor to utilize its cash, receivables, and cash from the receivables, notwithstanding any alleged lien and security interest of any party;

b. Granting a replacement lien to the Lender, as appropriate, as set forth above, conditioning the Debtor's use of Cash Collateral upon the granting of replacement liens to the Lender, as appropriate, with such replacement liens to be in post-Petition receivables and cash to the extent there is any diminution in value of the Lender, as appropriate, collateral positions, as they may exist pre-Petition, as well as continuing liens in all categories of assets as the Lender, as appropriate, hold in pre-Petition assets of the Debtor. All such liens granted to the Lender, as appropriate, shall be in such priority as exists pre-Petition. Further the Lender, as appropriate, shall have administrative claims to the extent that the post-Petition Collateral proves insufficient to replace the diminution in Cash Collateral, with such administrative claim, having priority over all administrative claims, except those allowed claims of professionals in the case and fees owed to the Subchapter V Trustee and, if appropriate, the Office of the U.S. Trustee, and in the same priority as existed pre-Petition;

c. Authorizing the release of any funds including any third parties that are holding any funds, including bank accounts and accounts receivable of the Debtor. Including any bank which is holding funds of the Debtor and AlignRX, as servicer of accounts for the Debtor, is ordered to release any funds held by the Debtor, notwithstanding any attempt by any party, including UFS to freeze any receivables or funds of the Debtor. Such third parties are to release and provide such funds and accounts receivable to the Debtor upon request by the Debtor;

d. Any funds held by AlignRX shall be released to the Debtor.

e. Allowing the Debtor to utilize its existing bank accounts until a Debtor-in-Possession account is opened by the Debtor.

f. Granting the Debtor such other and further relief as is just and proper.

CUNNINGHAM, CHERNICOFF
& WARSHAWSKY, P.C.

By: /s/ Robert E. Chernicoff

Robert E. Chernicoff, Esquire
Attorney I.D. No. 23380
2320 North Second Street
P. O. Box 60457
Harrisburg, PA 17106-0457
(717) 238-6570

Date: November 12, 2026